Case 4:20-cv-00361-RAS-KPJ   Document 2   Filed 04/30/20   Page 1 of 6 PageID #: 19

FILED
4/14/2020 10:03 AM
Kelly Ashmore
District Clerk
Grayson County

Cause No. CV-20-0514 _____

| | | |
|---|---|---|
| **Gary Blackburn and** | § | **In the District Court** |
| **Patricia Chellette,** | § | |
| **Plaintiffs** | § | |
| | § | Grayson County - 397th District Court |
| V. | § | \_\_\_\_ **Judicial District** |
| | § | |
| **Carib Smith and New Prime, Inc.,** | § | |
| **Defendants.** | § | **Grayson County, Texas** |

### Plaintiffs' Original Petition and Request for Disclosure

**To the Honorable Judge of Said Court:**

**Now come** Gary Blackburn and Patricia Chellette, hereinafter called Plaintiffs, complaining of and about Carib Smith and New Prime, Inc., hereinafter called Defendants, and for cause of action shows unto the Court the following:

### Discovery Control Plan Level

1.  Plaintiffs intend that discovery be conducted under Discovery Level 2.

### Parties and Service

2.  Plaintiff Gary Blackburn is an individual who is a resident of Texas.

3.  Plaintiff Patricia Chellette is an individual who is a resident of Texas.

4.  Defendant Carib Smith, an individual who is a nonresident of Texas, may be served with process through the Grayson County Clerk's Office via restricted delivery certified mail (please include two copies of the petition and citation) to the Chair of the Texas Transportation Commission as follows: J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483. The Texas Transportation Commission may provide notice to the Defendant at the following address: 221 Mill Creek Lane, Haughton,

Louisiana 71037.

5.     Defendant New Prime, Inc., a Nebraska corporation, may be served with process by serving the registered agent of said company, Incorp Services, Inc., 815 Brazos, Suite 500, Austin, Texas 78701. Service of said Defendant as described above can be effected by certified mail via the Grayson County District Clerk.

## Jurisdiction and Venue

6.     The subject matter in controversy is within the jurisdictional limits of this court.

7.     This court has jurisdiction over the parties because Defendant Carib Smith was operating a motor vehicle on a public highway or street within Texas.

8.     Venue in Grayson County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## Facts

9.     On or about March 8, 2019, Plaintiffs were on the West Washington Street entrance ramp to northbound US 75. Defendant, driving in the righthand lane of US 75, ignored the signs and flashing lights instructing him to move over to the left lane in preparation for the abrupt entrance ramp onto the highway at West Washington Street. Plaintiffs were speeding up the enter the highway when Defendant side-swiped their vehicle and dragged them approximately 75-100 yards down the shoulder of the highway.

## Plaintiffs' Claim of Negligence against Carib Smith

10.    Defendant had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described

herein. Plaintiffs' injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty. The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts and omissions:

    A.    In that Defendant failed to merge left as instructed by signs and flashing lights;

    B.    In that Defendant failed to turn his motor vehicle in an effort to avoid the collision complained of;

    C.    In that Defendant failed to maintain a clear and reasonable distance between Gary Blackburn's motor vehicle and Defendant's motor vehicle;

    D.    In that Defendant failed to apply his brakes in a timely manner;

    E.    In that Defendant was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; and

    F.    In that Defendant failed to control his speed.

**Plaintiffs' Claim of Respondeat Superior against New Prime, Inc.**

11.    At the time of the occurrence of the act in question and immediately prior thereto, Carib Smith was within the course and scope of employment for Defendant New Prime, Inc..

12.    At the time of the occurrence of the act in question and immediately prior thereto, Carib Smith was engaged in the furtherance of Defendant New Prime, Inc.'s business.

13.    At the time of the occurrence of the act in question and immediately prior thereto, Carib Smith was engaged in accomplishing a task for which Carib Smith was employed.

14.    Plaintiffs invoke the doctrine of Respondeat Superior against Defendant New

Prime, Inc.

### Plaintiffs' Claims of Negligent Entrustment and Negligent Hiring, Retention and Supervision against New Prime, Inc.

15. At the time and on the occasion complained of, Defendant New Prime, Inc. negligently entrusted its vehicle to Defendant Carib Smith when it knew or, in the exercise of ordinary care, should have known that Defendant Carib Smith was a reckless and careless driver, and further, that Defendant's negligent entrustment would endanger the safety of persons such as Plaintiff.

16. Defendant New Prime, Inc. knew, or in the exercise of ordinary care, should have known that Carib Smith was an unfit or incompetent driver. Defendant New Prime, Inc.'s negligence in hiring, retaining and supervising Defendant Carib Smith was a producing cause in bringing about the incident complained of.

### Damages

17. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs suffered injuries and incurred the following damages:

   A. Reasonable and necessary medical care and expenses in the past;

   B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

   C. Physical pain, suffering and mental anguish in the past and future;

   D. Physical impairment in the past and future; and

   E. Lost wages in the past; and

   F. Property damage.

18. Plaintiffs seek monetary relief over $1,000,000.00. This statement is meant only to

satisfy the requirements set forth in Texas Rule of Civil Procedure 47.

## Jury Demand

19.     Plaintiffs hereby demand a trial by jury on all issues herein and tender the appropriate jury fee with this original petition

## Request for Disclosure

20.     Pursuant to Rule 194, Defendants are hereby requested to disclose the information descried in Rule 194.2 (1)-(l) within 50 days of the service of this request.

## Prayer

**Wherefore, premises considered**, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**BILL KENNEDY LAW, PLLC**

/s/ Joan E. Ballard_____
**William P. Kennedy**
State Bar No. 24064347
Bill@BillKennedyLaw.com
**Joan E. Ballard**
State Bar No. 24058803
JBallard@BillKennedyLaw.com
121 S. Austin Avenue
Denison, Texas 75020
Tel. 972.939.4878
Fax. 972.939.6878

**Attorneys for Plaintiffs**